WO                                                                                        SC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Sean T. Labash,

                Plaintiff,

v.

David Shinn, et al.,

                Defendants.

No.   CV 21-00970-PHX-JAT (JFM)

**ORDER**

On May 27, 2021, Prisoners Vincent M. Allen, Sean Timothy Labash, Mario Alexander Aguilar, Anor M. Peterson, David Quinn, Daniel Thorson, and James L. Phillips, all of whom are or were confined in the Arizona State Prison Complex (ASPC)-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. *Allen v. Shinn*, CV 21-00933-PHX-GMS (CDB).  In a June 7, 2021 Order, the Court severed the case into individual actions, one for each prisoner-plaintiff; directed the Clerk of Court to open a new case for each prisoner-plaintiff and to file a copy of the Order in each new case; and directed the individual prisoner-plaintiffs to proceed independently from that point.  The Court gave each prisoner-plaintiff 30 days to (1) pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis in his individual case and (2) to file an amended complaint in his individual case asserting only his claims.

This case was opened on behalf of Plaintiff Sean T. Labash (hereinafter, "Plaintiff").  Plaintiff has filed a First Amended Complaint (Doc. 4) and an Application to Proceed In Forma Pauperis (Doc. 5).  The Court will grant the Application to Proceed and dismiss the

JDDL-K

First Amended Complaint with leave to amend.

## I.   Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.   28 U.S.C. § 1915(a).   Plaintiff must pay the statutory filing fee of $350.00.   28 U.S.C. § 1915(b)(1).   The Court will assess an initial partial filing fee of $48.31.   *Id.*   Thereafter, the balance of the statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.   28 U.S.C. § 1915(b)(2).   The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).   While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   "Determining whether a complaint states a plausible claim for

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   First Amended Complaint**

In his three-count First Amended Complaint, Plaintiff alleges claims for denial of basic necessities and denial of constitutionally adequate medical care.  Plaintiff sues David Shinn, the director of the Arizona Department of Corrections, Rehabilitation, and Reentry (ADC), and Yuma Complex Deputy Warden Daniel Town.  Plaintiff also sues Centurion, a private entity that has contracted with ADC to provide medical care to ADC prisoners, and Trinity, another private entity that has contracted with ADC to provide meals to ADC prisoners.  Plaintiff seeks compensatory and punitive relief.

In **Count I**, Plaintiff alleges the following:

In March 2020, a few prisoners became very ill in the LaPaz Unit, where Plaintiff was housed.  Plaintiff asked to be tested for COVID-19 because several prisoners in his dorm had tested positive.  However, medical staff refused to test Plaintiff.  Plaintiff also asked if he could wear a face mask, but ADC staff responded no, even after Plaintiff told

them he could make his own mask out of a washcloth Plaintiff had purchased.  ADC staff told Plaintiff that if he wore a mask, he would be placed on lockdown.

In August 2020, Defendant Town came to Plaintiff's dorm and told the prisoners they would work in the kitchen, if told to do so by staff.  Town also told them that he did not care if they felt bad saying a flu bug was going around.  Plaintiff told Town prisoners in the unit had tested positive for COVID-19, to stop lying, and he wanted to be tested.  Town said no.  Plaintiff asked for a mask and Town told Plaintiff he did not need a mask "right now."  Plaintiff asked for cleaning supplies and disinfectants but Town responded "not right now."  Plaintiff then asked Town for toilet paper telling him there had been no toilet paper for two weeks and told him they needed soap.  Town responded that he would see what he could do.  Plaintiff was unable to get Heath Needs Request (HNR) forms to seek medical care and no one would provide him with grievance forms.

As his injury, Plaintiff claims he suffered insomnia from stress, occasionally had trouble breathing, and coughed up blood for more than a week. Plaintiff told medical staff of his symptoms while they were handing out medications, they told him to submit an HNR.

In **Count II**, Plaintiff alleges the following:

Plaintiff suffers from Hepatitis C (HCV).  In July, presumably 2020, Plaintiff got very sick but did not know if he had COVID-19; he was having trouble breathing and had a headache.  Plaintiff tried to be seen by medical staff, but they denied him care.  Plaintiff submitted HNRs when they were available.  Plaintiff continues to have trouble breathing and gets short of breath but "medical" will not treat him, even when he is coughing up blood has bad stomach pain.  Plaintiff talked to Defendant Town about medical not treating him, but Town responded that it was not his problem and told Plaintiff to submit a grievance.  Plaintiff told Town that staff would not provide him with grievance forms.  Town said that he would find out and get back to him, but never did.  Plaintiff also spoke to Town about the lack of cleaning supplies in his dorm.  Town failed to take any action and will not even come in Plaintiff's dorm or walk the yard.  Plaintiff sent a letter with a

copy of orders issued by ADC prohibiting prisoners from wearing masks to the United States Department of Justice.  As his injury, Plaintiff alleges his stomach and lungs hurt but he cannot get medical treatment.  He alleges his HCV is going untreated.

In **Count III**, Plaintiff alleges the following:

Defendant Trinity provides Plaintiff cold food, which is sometimes uncooked with roaches in it.  According to Plaintiff, the meals are unfit for human consumption, which is what is stated on "boxes of so called meat."  Plaintiff does not receive any fresh fruits and vegetables, no "real" sugar, and there are roaches and flies everywhere, e.g., walls, floors, and food.  Plaintiff claims that he has to fight flies to eat his meals, which contain a lot of beans, rice, and bread.  The menus for the meals do not reflect what prisoners receive.  When Trinity staff know someone important is coming to inspect the kitchen and food, they make both appear good, unlike at other times.  As his injury, Plaintiff claims he is eating cold food containing roaches and flies, with no nutritional value, and suffers from daily stomachaches.

## IV.   Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   Shinn

Plaintiff sues the ADC Director.  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992);

1   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   "Because vicarious liability is

2   inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-

3   official defendant, through the official's own individual actions, has violated the

4   Constitution." *Iqbal*, 556 U.S. at 676.[1]

5      Plaintiff alleges no facts against Shinn.  Accordingly, Plaintiff fails to state a claim

6   against Shinn and this Defendant will be dismissed.

7   **B.     Private Entities**

8      Plaintiff sues two private entities: Centurion and Trinity.  To state a claim under

9   § 1983 against a private entity performing a traditional public function, such as providing

10  medical care to prisoners, a plaintiff must allege facts to support that his constitutional

11  rights were violated as a result of a policy, decision, or custom promulgated or endorsed

12  by the private entity.  *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138-39 (9th Cir.

13  2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam).  A plaintiff must

14  allege the specific policy or custom and how it violated his constitutional rights.  A private

15  entity is not liable merely because it employs persons who allegedly violated a plaintiff's

16  constitutional rights.  *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

17     Plaintiff fails to allege that his constitutional rights were violated as a result of a

18  policy, decision, or custom promulgated or endorsed by either of the above private entities.

19  At most, Plaintiff seeks relief for acts of employees of one of these entities, i.e., relief based

20

21      [1]   A suit against a defendant in his or her *individual* capacity seeks to impose
    personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).
22  For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts,
    not simply conclusions, that show that the individual was personally involved in the
23  deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).
    By comparison, a suit against a defendant in his or her *official* capacity represents only
24  another way of pleading an action against the entity that employs the defendant. *Kentucky*,
    473 U.S. at 165.  That is, the real party in interest is not the named defendant, but the entity
25  that employs the defendant, in this case, the State of Arizona.  *Id.*  To bring a claim against
    an individual in his official capacity, a plaintiff must allege that the constitutional
26  deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell*, 436 U.S. at
    694.  Plaintiff has not alleged that his injuries resulted from a specific policy or custom of
27  ADC, and he cannot maintain a lawsuit for damages against Shinn in his official capacity.
    *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official
28  capacity are not 'persons' for purposes of the suit because they assume the identity of the
    government that employs them."); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d
    1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for purposes of section 1983).

on a theory of respondeat superior.  Accordingly, Plaintiff fails to state a claim against Centurion or Trinity and they will be dismissed.

### C.   Basic Necessities

To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted).  Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of a prisoner's exposure to that condition.  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).

A plaintiff must also allege facts to support that a defendant acted with deliberate indifference.  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837 (emphasis added).

In Count I, Plaintiff generally alleges he was denied testing for COVID-19 in March 2020 and August 2020, and unidentified staff denied his requests to wear a mask.  He alleges Defendant Town denied his request to be tested for COVID-19 in August 2020 and to receive a mask.  Plaintiff alleges that in response to his request for cleaning supplies and disinfectants, Town said "not right now" and in response to Plaintiff's request for toilet paper and soap, Town said he would see what he could do.

Even assuming that Plaintiff's facts support that the denial of toilet paper, cleaning supplies, and the ability to obtain a mask—given the COVID-19 pandemic—rise to t the level of a constitutional deprivation, Plaintiff fails to sufficiently allege facts to support that Town, or anyone else, acted with deliberate indifference to the reported conditions.

Plaintiff does not indicate whether Town, or others, eventually provided toilet paper or cleaning supplies after Plaintiff requested them, or how long he was required to wait for the supplies. Plaintiff also does not allege that Town knew, or should have known, that Plaintiff's HCV status put him at an increased risk of serious harm if he contracted COVID-19. In short, Plaintiff either fails to connect his allegations to any named Defendant or he fails to allege facts to support that Defendant Town was deliberately indifferent to Plaintiff's conditions of confinement. Accordingly, Plaintiff fails to state a claim in Count I.

In Count III, Plaintiff seeks relief against Trinity concerning the quality of the meals provided. With respect to meals, the Eighth Amendment requires "only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). However, a prisoner may state a claim where he alleges that he is served meals with insufficient calories for long periods of time. *LeMaire*, 12 F.3d at 1456.

As explained above, because Plaintiff fails to allege that he suffered a constitutional violation as a result of decision, policy, or custom of Trinity, Plaintiff fails to state a claim against it. While Plaintiff alleges the meals were cold, unfit for consumption, and contained or were exposed to roaches and flies, Plaintiff does not allege facts to support that the meals contained insufficient calories for a long period, nor does he allege facts to support that he has lost a significant amount of weight since he began receiving the meals. For these reasons, Plaintiff fails to state a claim concerning the meals against Trinity or anyone else. Accordingly, Count III will be dismissed.

### D. Medical Care

In Count II, Plaintiff alleges that he was denied constitutionally adequate medical care. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the

defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff fails to connect his allegations in Count II to any named Defendant. Further, as discussed above, Plaintiff has not alleged his constitutional rights were violated as the result of a decision, policy, or custom of Centurion. Plaintiff otherwise fails to

connect his allegations to anyone, whether named as a defendant or not.  Further, Plaintiff does not indicate when, how, or from whom he requested medical care, and the responses to such requests.  Absent additional facts, Plaintiff's allegations are insufficient to support that anyone has acted with deliberate indifference to his serious medical needs. Accordingly, Count II will also be dismissed.

## V.    Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI.   Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not

been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.      Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.      Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.      Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed In Forma Pauperis (Doc. 5) is **granted**.

(2)      As required by the accompanying Order to the appropriate government

1  agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee

2  of $48.31.

3       (3)     The First Amended Complaint (Doc. 4) is **dismissed** for failure to state a

4  claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended

5  complaint in compliance with this Order.

6       (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

7  Court must, without further notice, enter a judgment of dismissal of this action with

8  prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g)

9  and deny any pending unrelated motions as moot.

10       (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a

11  civil rights complaint by a prisoner.

12       Dated this 6th day of August, 2021.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:
U.S. District Court Clerk                     U.S. District Court Clerk
U.S. Courthouse, Suite 130               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119          Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
           Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


        Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

        Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
       (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The  first  Defendant  is  employed
as: _____ at_____.
       <span>                              (Position and Title)</span>                                       <span>(Institution)</span>

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
       <span>                              (Position and Title)</span>                                       <span>(Institution)</span>

3.   Name of third Defendant: _____.  The  third  Defendant  is  employed
as: _____ at_____.
       <span>                              (Position and Title)</span>                                       <span>(Institution)</span>

4.   Name of fourth Defendant: _____.  The  fourth  Defendant  is  employed
as: _____ at_____.
       <span>                              (Position and Title)</span>                                       <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
         1.   Parties: _____ v. _____
         2.   Court and case number: _____.
         3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
              _____.

    b.   Second prior lawsuit:
         1.   Parties: _____ v. _____
         2.   Court and case number: _____.
         3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
              _____.

    c.   Third prior lawsuit:
         1.   Parties: _____ v. _____
         2.   Court and case number: _____.
         3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
              _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

**D.   CAUSE OF ACTION**

**COUNT I**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail         ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes     ☐ No
    b.   Did you submit a request for administrative relief on Count I?     ☐ Yes     ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes     ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
 ☐ Basic necessities          ☐ Mail                ☐ Access to the court          ☐ Medical care
 ☐ Disciplinary proceedings   ☐ Property            ☐ Exercise of religion         ☐ Retaliation
 ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
 a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes      ☐ No
 b.   Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
 c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
 d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property            ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                           DATE                                           SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may
attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.
If you attach additional pages, be sure to identify which section of the complaint is being continued and number
all pages.